UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-56 (CKK) |
| | ) | |
| WILLIAM VOGEL, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

### DEFENDANT'S BRIEF IN SUPPORT OF
### NOTICE OF PUBLIC AUTHORITY DEFENSE

Mr. Vogel, through counsel, submits the following brief in support of his Notice of Public Authority Defense. For the following reasons, Mr. Vogel should be able to present the public authority defense and the defense of entrapment by estoppel at trial.

### LEGAL STANDARD

It is a bedrock principle that a criminal defendant has a constitutional right to present a defense. *See Chambers v. Mississippi*, 410 U.S. 284 (1973). The right to present a defense is in plain terms "the right to present the defendant's version of the facts as well as the prosecution's version to the jury so that it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14 (1967). A defendant is generally entitled to an instruction on his theory of the case and:

> [W]here there is evidentiary support for special facts sustaining a rational defensive theory, to which the court's attention is specifically directed, the defendant is entitled to have the jury charged on that theory; however weak the evidence, however implausible the theory may appear to be, the matter is for the jury's determination.

1

*Brooke v. U.S.*, 385 F.2d 279, 284 (D.C. Cir. 1967). In determining whether there is a basis for the instruction exists, the evidence must be reviewed in the light most favorable to the defendant. *United States v. Alvarado*, 808 F.3d 474, 488 (11th Cir. 2015).

A defendant is entitled to a jury instruction on any recognized affirmative defense "if there is sufficient evidence from which a reasonable jury could find for the defendant on that theory." *United States v. Nwoye*, 663 F.3d 460, 462 (D.C. Cir. 2011). Federal Rule of Criminal Procedure 12.3 allows for an affirmative defense called the "public authority" defense, which requires a defendant to provide advance notice if the defendant intends to assert a defense of actual or believed exercise of public authority at a trial. The public authority defense is available if an individual (1) reasonably, on the basis of an objective standard, (2) relies on a (3) conclusion or statement of law (4) issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field. *United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976). The first three issues are issues of fact for the jury with the fourth being a question of law. *Id.* The Court in *Barker* noted:

> It would appear to serve both justice and public policy in a situation where an individual acted at the behest of a government official to allow the individual a defense based upon his reliance on the official's authority if he can show that his reliance was objectively reasonable under the particular circumstances of his case.

*Id.* at 949. The public authority defense is available when the defendant has shown that his "reliance on governmental authority was reasonable as well as sincere."
2

*United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994).

The entrapment by estoppel defense is another form of the public authority defense in that it is available when a government official commits an error and the defendant relies on it and thereby violates the law. *Id.* "In short, the defense involves the 'concept of unintentional entrapment by an official who mistakenly misleads a person into a violation of the law.' *Id.* (quoting *United States v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987)). To win an entrapment by estoppel claim, a defendant criminally prosecuted for an offense must prove: (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018). *See also Raley v. State of Ohio*, 360 U.S. 423, 437 (1959) (conviction overturned because upholding conviction would violate due process and constitute entrapment).

## ARGUMENT

I. **The President of the United States and Commander in Chief Has Clear Authority to Permit Mr. Vogel's Alleged Conduct and Mr. Vogel's Reliance was Reasonable**

Under the United States Constitution, the President is the nation's leader and chief executive of the executive branch. With this position comes the power to

make laws, veto laws, and enforce the laws made. The President can also issue executive orders that do not require the approval of Congress. The President is the Commander in Chief of the Army and Navy of the United States, and of the Militia of the several States. U.S. Const., Article II, Section 2. The President, at a minimum, has the authority to permit its citizens to enter into a government building.

Mr. Vogel is charged with misdemeanor offenses all relating to entering and remaining on restricted building or grounds pursuant to 18 U.S.C. §1752(a)(1), and (2), as well as misdemeanor charges related to his alleged conduct inside the Capitol Building under 40 U.S.C. §5104(e)(2)(D), and (G). *See* ECF No. 3. The President of the United States would certainly have the authority, at a minimum, to authorize an individual to demonstrate on Capitol Grounds and could authorize access to the Capitol building.

The Former President Trump, after several minutes of reiterating his claims that the election was stolen, said the following to the crowd (including Mr. Vogel) on January 6, 2021:

> We will not let them silence your voices. We're not going to let it happen, I'm not going to let it happen…..We're gathered together in the heart of our nation's capital for one very, very basic and simple reason – to save our democracy….Now, it is up to Congress to confront this egregious assault on our democracy. And after this, ***we're going to walk down, and I'll be there with you***, we're going to walk down…I know that everyone here will soon be marching over to the *Capitol building* to peacefully and patriotically make your voices heard….And they want to recertify their votes…**But the only way that can happen is if Mike Pence agrees to send it back…If not…you will have an illegitimate President.** That's what you'll have. And we can't let that happen…**We must stop the steal** and

>then we must ensure that such outrageous election fraud never happens again….**And we fight. We fight like hell**. **And if you don't fight like hell, you're not going to have a country anymore…..So we're going to, we're going to walk down Pennsylvania Avenue…And we're going to the Capitol, and we're going to try and give them the kind of pride and boldness that they need to take back our country.. So let's walk down Pennsylvania Ave**.[1]

The crowd, including Mr. Vogel, had no reason to believe that the President had not authorized them, at a minimum, to be able to enter, walk freely, and demonstrate at the Capitol. The President never once warned the crowd not to actually enter the building and was very clear that he was going to join them.

In *Barker*, the Court reasoned that the public authority defense does not encourage ignorance of the law "for the defense requires that the individual either seek or be cognizant of the official statement upon which he or she relies," and that "the defense advances the policy of fostering obedience to the decisions of certain individuals that society has put in positions of prominence…i.e., courts, executive officials.." *Barker*, 546 F.2d at 955-956. The Court applied the required factors and reasoning to conclude that the defendants relied on Hunt's authority as delegated from an intelligence superstructure controlled by the White House, and firmly believed that they were acting in a legal capacity. *Id*. at 957. The Court further reasoned that "the Executive Branch of the United States Government is vested with substantive responsibilities in the field of national security, and decisions of its

---

[1] Associated Press, *Transcript of Trump's Speech at Rally Before US Capitol Riot*, U.S. News & World Report, Jan. 13, 2021, available at https://www.usnews.com/news/politics/articles/2021-01-13/transcript-of-trumps-speech-at-rally-before-us-capitol-riot (last viewed on Nov. 22, 2022).

5

officials on the extent of their legal authority deserve some deference from the public." *Id*. Similarly, Mr. Vogel relied on the highest ranking official in the Executive Branch, the President, who concluded that it was okay for them all to march to and into the Capitol. There is no reason to believe that the President is not vested with such authority to declare once restricted grounds no longer restricted.

The only *Barker* factor that Mr. Vogel must show now, as the first three are in the sole province of the jury, is the fourth *Barker* factor that the conclusion was "issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field." *Barker*, 546 F.2d at 955. It is difficult to imagine how the President and Commander in Chief is not an official that is charged with the enforcement of the law.

Like the protestors in *Cox* who were wrongly told by "the Chief of Police and other officials" to demonstrate at a specific location, Mr. Vogel would show that the Commander in Chief of the United States wrongly told him (and thousands of others) that, together, they would march down to the Capitol building to "cheer on our brave senators, and congressmen and women," showing "strength," and to "give them the kind of pride and boldness they need to take back our country." *See Cox*, 379 U.S. at 571. Like the "highest police officials of the city" in *Cox*, by his words, tone, and action the President "in effect told the demonstrators [including Mr. Vogel] that they could meet where they did." *See id*. This, in turn, created the effect of advising Mr. Vogel and others that their actions were legal. *See Khanu*, 664 F. Supp. at 41. Mr. Vogel, like many others who were there that day — but unlike the

defendant in *Chrestman* with a preconceived plan to commit violence at the Capitol — ignorantly "relied on the government official's statements." *See id*; *cf. Chrestman*, 525 F. Supp. at 28–29. Finally, Mr. Vogel would show that his "reliance" on those statements was "in good faith and reasonable in light of the identity of the government official, the point of law represented, and the substance of the official's statement." *Khanu*, 664 F. Supp. at 41.

A defendant is entitled to a jury instruction on "any recognized affirmative defense if there is sufficient evidence from which a reasonable jury could find for the defendant on that theory." *Nwoye*, 663 F.3d at 462. This evidence would be presented at trial and at the close of evidence, the Court would make a finding to determine if there is sufficient evidence. *See United States v. Boutte*, 2019 WL 4261745 *2 (D.N.M. September 9, 2019) (denying government motion to exclude public authority defense as premature because the Court must hear evidence at trial).

## II. At a Minimum, the President has the Apparent Authority to Permit Mr. Vogel's Alleged Conduct

In order for Mr. Vogel to present the public authority defense, the President need not have had actual authority—instead, apparent authority is sufficient. As an initial matter – the language in Fed. R. Crim. Proc. 12.3 allows for a defense of actual *or believed* exercise of public authority at a trial. So the statute allowing for the defense itself does not place a limitation that the official must have *actual* authority. Furthermore, there is nothing in the Court's reasoning in *Barker* that would suggest this limitation and in fact when applying the factors to the facts in

7

*Barker* the Court noted that "a jury may well find that John Ehrlichman, then Assistant to the President for Domestic Affairs, expressed or implied that the break-in….was legal under a national security rationale." *Barker*, 546 F.2d at 957. This reasoning suggests that the jury must only find that it would plausible to believe that Ehrlichman had the authority to authorize the break-in.

Other circuits have also refused to place such a limitation on the public authority defense. *See United States v. Reyes-Vasquez*, 905 F.2d 1497, 1500 n. 5 (11th Cir. 1990) (a public authority defense applies when a defendant alleges that his actions were taken under color of public authority); *See also United States v. Xiong*, 914 F.3d 1154, 1160 (8th Cir. 2019) (discussing the fact that this distinction has not been settled in the district); *See also United States v. Baker*, 438 F.3d 749, 753-54 (7th Cir. 2006) (same) (but also acknowledging that Rule 12.3 itself allows for apparent authority).

The Ninth Circuit, however, has affirmatively adopted the view that apparent authority is all that is required as long as the "defendant reasonably believed that a government agent authorized [her] to engage in illegal acts." *United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). Not only has the Ninth Circuit adopted this standard but it has also ruled that it was plain error for a district court to not sua sponte give the public authority instruction even when the defendant did not request it. *Id.* ("when a defendant actually presents and relies upon a theory of defense at trial, the judge must instruct on that theory even where such instruction was not requested").

### III. Entrapment by Estoppel is Just Another Form of the Public Authority Defense And Should Not Be Precluded

Even if the Court finds that actual authority is required and that former President Trump did not possess such authority – actual authority is not required when presenting the defense of Entrapment by Estoppel. *See Baker*, 438 F.3d at 755-57 (entrapment by estoppel requires "the defendant to show his reliance on the alleged misrepresentations was reasonable and in good faith" and must show [agent] was clothed with apparent authority); *See also ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988) (available claim or defense against a party who has detrimentally relied on litigant's conduct). Other circuits have simply called "entrapment by estoppel" the *second form* of the public authority defense requiring a showing that "the government, by its own actions, induced the defendant to do those acts and led him to rely on his belief that his actions would be lawful by reason of the government's seeming authorization." *See United States v. Thomas*, 214 F. Supp. 3d 187, 192 (E.D. New York October 7, 2016) (quoting *United States v. Giffen*, 473 F.3d 30, 41 (2d Cir. 2006). (emphasis added). *See also United States v. Neville*, 82 F.3d 750, 761 (7th Cir. 1996) (noting that "public authority" is sometimes called "entrapment by estoppel.").

The Supreme Court established the important principles leading to the creation of this defense. For example, in *Raley v. Ohio*, 360 U.S. 423, 424-426 (1959), the Supreme Court held that the Due Process Clause prevented convictions of persons who relied upon either *express or implied* assurances from state authorities to act a certain way because upholding such a conviction "would be to

9

sanction an indefensible sort of entrapment of the State." (emphasis added). The Supreme Court later applied *Raley* to reverse a conviction where the defendant was convicted for demonstrating near a courthouse after receiving authorization to do so from officials. *Cox v. State of La.*, 379 U.S. 559 (1965).

Mr. Vogel may present this defense to the finder of fact as long as he has shown "some foundation in proof" to assert it. *Thomas*, 214 F. Supp. 3d at 192 (finding the defendant could present the defense when defendant pointed to evidence that he was permitted to possess drugs as part of his duties as a government informant). Similarly, Mr. Vogel has pointed to ample evidence that the President of the United States told him and thousands of people to march to the Capitol to stop the steal. This speech was documented and was public and cannot be disputed. This evidence is more than sufficient for Mr. Vogel to be able to present this defense at trial.

The public authority/entrapment by estoppel defense only requires that the defendant was "misled about the state of the law." *Cox*, 906 F.3d at 1991 (first factor of entrapment by estoppel defense). The misleading can be implied and does not need to be express as stated by the D.C. Circuit. *Barker*, 546 F.2d at 957. The first element of the defense does not require that an official must actually explain the state of the law while giving permission to act. Such a requirement would create an absurd result and would ignore the realistic ways that people are misled into reasonably believing they are permitted to act a certain way. When the President of the United States of America tells someone that they *should* go to the Capitol

10

building that is implying the action would legal to go because the President has authorized it himself. To add an imaginary requirement that he must also say, "this action is legal under the law," is contrary to the principles of detrimental reliance and the reason the defense was created to begin with.

## Conclusion

For the above reasons, the Court should allow Mr. Vogel to present a viable defense that he is entitled to present at his trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Kate Adams
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500