## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 21-cr-56 (CKK)** |
| **WILLIAM VOGEL** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant William Vogel respectfully moves this Court for release pending appeal and stay of execution of his sentence. Release is warranted because Mr. Vogel poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before the appeal concludes. A substantial question exists about whether, Mr. Vogel's sentence was a legal sentence, that is, whether federal sentencing statutes permit the imposition of a dual sentence – imprisonment *and* probation – for a single petty offense.

In *United States v. James Little,* USCA Case 22-3018, the D.C. Circuit is considering whether the sentence imposed upon Mr. Vogel is, in fact, a legal sentence. Judges in this courthouse have granted similar motions based upon litigation of the obstruction offense under 18 U.S.C. § 1512(c)(2). *See United States v. Kevin Seefried*,

1

No. 21-cr-287 (TNM); *United States v. Rahm*, No. 21-cr-150 (RJL), Dkt. 80 (Feb. 21, 2023) (granting bail pending appeal to individual convicted under § 1512(c)(2) and staying execution of sentence pending outcome of appeals in *United States v. Miller*, No. 22-3041 (D.C. Cir.) and *United States v. Rahm*, No. 23-3012 (D.C. Cir.)).

## Background

On January 27, 2021, Mr. Vogel was charged by information with four counts: Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count One), Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(2) (Count Two), Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Three), and Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Four).

On February 1, 2023, Mr. Vogel pleaded guilty to Count Four.  On June 16, 2023, Mr. Vogel was sentenced to 30 days of incarceration followed by 36 months of probation.

## Grounds for Release Pending Appeal

A court "shall order the release" of an individual pending appeal if it finds:

(A)     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)     that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

2

(i)     reversal,

(ii)    an order for a new trial,

(iii)   a sentence that does not include a term of imprisonment, or

(iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). Mr. Vogel release is required because all of the statutory criteria are met.

**A.      There is no flight or safety risk.**

Mr. Vogel has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk by his behavior since the outset of this case. Since January 25, 2021, Mr. Vogel has been released on conditions and a personal recognizance bond. Thus, for nearly two and a half years, he has fully demonstrated his compliance with all pretrial release conditions placed upon him. As the Court is aware, Mr. Vogel lives in Pawling, NY, is gainfully employed and has strong ties to his community.  His continued employment and ability to earn money and his close relationship with his family as an hourly wage earner underscores that he will neither flee nor pose any safety concerns, because doing so would risk his livelihood in the months before he is incarcerated.

**B.      The appeal raises a substantial question and therefore is not for the purpose of delay.**

3

Whether 18 U.S.C. § 3561 (1985) permits a split sentence such as that imposed by this Court is a substantial question of law. In fact, this Court has found that a split sentence is not permitted in *United States v. Virginia Spencer*, 21-cr-147, demonstrating the complexity of the issue. By appealing this very issue, then, this appeal is not for purposes of a delay.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require that the Court find that Mr. Vogel's appeal establishes a likelihood of reversal before it may grant him release pending appeal. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well *could* be'" decided in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)).

The legality of the Court's sentence is a "close question[s] or one[s] that very well could be decided the other way." *Perholtz*, 836 F.2d at 555. Indeed, substantiality is not hypothetical here: this Court has ruled that such a sentence is illegal. *United States v. Virginia Spencer*, 21-cr-147 (CKK), ECF No. 70. The issue is has been appealed in *United States v. James Little,* No. 22-3018 (D.C. Cir). Oral argument  in the D.C. Circuit was held on November 2, 2022. The fact that oral argument was

ordered further demonstrates that the question it raises is substantial, because one-sided questions are typically submitted on the briefs without argument. *See* D.C. Cir. R. 34(a)(2).

**C.   Resolution of this substantial question in Mr. Vogel's favor would likely result in a reduced sentence that would expire before the appeal concludes.**

If decided in Mr. Vogel's favor, his appellate challenge the legality of his sentence would likely result in a reduced sentence, the imprisonment portion of which would expire before the appeal concludes. Mr. Vogel's sentence for the petty misdemeanor was 30 month plus 3 years of probation

Moreover, resolution of the Little appeal in Mr. Vogel's favor is very likely to result in a lesser sentence and he will likely have completed a substantial portion of his sentence, and all of his incarceration sentence) given the expected duration of the appeal process by the time Mr. Vogel's appeal is resolved. The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[1]

## Conclusion

For these reasons, Mr. Vogel respectfully moves for release pending appeal and stay of execution of his sentence.

---

[1] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500