UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-56 (CKK) |
| v. : | |
| : | |
| WILLIAM VOGEL, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S NON-OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE WHILE HE APPEALS HIS SENTENCE

The defendant asks this Court for release and stay of the execution of his sentence while he appeals the Court's sentence, specifically the legality of the Court's imposition of a "split sentence"—a period of incarceration followed by a period of supervision—on the class B misdemeanor to which he pleaded guilty, 40 U.S.C. § 5104(d). ECF 63.

The United States does not oppose the defendant's request. The United States agrees that *United States v. Perholtz*, 836 F.2d 554 (D.C. Cir. 1987) provides the relevant standard and that the legality of split sentences for a defendant convicted of a single petty-offense conviction is a "close question or one that very well could be decided the other way." *Id.* at 555. Accordingly, it is appropriate to allow the defendant to remain out on bond, pursuant to 18 U.S.C. § 3143(b)(1), pending appeal.

Whether the defendant may appeal notwithstanding the appellate waiver in his plea agreement also presents a sufficiently "close question" to warrant release pending appeal. As relevant here, the plea agreement generally precludes appeal of a sentence unless that sentence exceeds the "statutory maximum." *See* ECF 51 at 4-5; *see also United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009) (appeal waiver does not preclude a defendant from challenging "a sentence that is unlawful because it exceeds the statutory maximum"). The defendant may contend

that the split sentence—imprisonment and probation—exceeded the "maximum" permitted under the relevant statutes. Alternatively, the defendant may argue that the plea agreement did not unambiguously foreclose his sentencing claim. *See* Brief for Appellant, *United States v. Little*, No. 22-3018, at 38-40 (D.C. Cir.) (filed July 28, 2022). It should be understood that in acknowledging a "close question" on this question, the government neither concedes the appellate waiver does not apply here nor implies that it will not seek to enforce the appellate waiver in this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:  /s/ *Alexander Diamond*
ALEXANDER M. DIAMOND
NY Bar No. 5684634
Assistant United States Attorney
District of Columbia
601 D St. NW
Washington, DC 20530
(202) 506-0427
Alexander.Diamond@usdoj.gov