UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Case. No. 21-cr-56 (CKK) |
| **WILLIAM VOGEL** | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

In a prior order, this Court stated that "if the Court of Appeals determines that split sentences are not legal, Defendant's Judgment will be revised to eliminate the period of probation." Dkt. 69 at 2. The Court of Appeals went on to hold that "a defendant may not get probation and imprisonment for a single petty offense," invalidating so-called "split sentences." *United States v. Little*, 78 F.4th 453, 456 (D.C. Cir. 2023) (capitalization altered). Pursuant to this Court's prior Order, William Vogel moves under 18 U.S.C. § 3564(c) to terminate his 36-month term of probation in light of *Little*. The government opposes this motion.

### Background

In February 2023, Mr. Vogel pleaded guilty to a single petty offense arising from the events of January 6, 2021: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Four of the Information). Dkt. 51 at 1 (plea agreement); Min. Entry (02/01/2023). The

1

government requested a split sentence of 30 days' incarceration and three years' probation. Dkt. 59 at 1, 20 n.26. Mr. Vogel requested a sentence of probation only. Dkt. 60 at 1. On June 16, 2023, this Court sentenced Mr. Vogel to 30 days' incarceration and thirty-six months' probation. *See* Min. Entry (06/16/2023); Dkt. 67 at 2-3 (Judgment).

On June 22, 2023, Mr. Vogel filed a motion for release from custody pending appeal, arguing that a substantial question existed as to whether Mr. Vogel's sentence was a legal sentence because it included both imprisonment and probation for a single petty offense. Dkt. 63 at 1. The D.C. Circuit already was considering that issue in *United States v. Little*, No. 22-3018 (D.C. Cir.). *Id.* The government did not oppose Mr. Vogel's motion, agreeing that "the legality of split sentences for a defendant convicted of a single petty-offense conviction is a 'close question or one that very well could be decided the other way.'" Dkt. 64 at 1 (quoting *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987)).

This Court granted in part and denied in part Mr. Vogel's motion. *See* Dkt. 69 at 2. The Court ordered Mr. Vogel to serve the thirty-day period of incarceration, but it stayed Mr. Vogel's period of probation while his appeal was pending. *Id.* Importantly, the Court stated that "if the Court of Appeals determines that split sentences are not legal, Defendant's Judgment will be revised to eliminate the period of probation." *Id.*

Mr. Vogel timely filed his notice of appeal. Dkt. 66. While his appeal was pending, the D.C. Circuit held that sentencing a defendant guilty of a single petty offense to both prison and probation is unlawful. *See Little*, 78 F.4th at 454. Mr. Vogel has since served his term of incarceration and his period of probation remains stayed. On March 6, 2024, Mr. Vogel moved voluntarily to dismiss his appeal in the D.C. Circuit. *See* Motion for Voluntary Dismissal of Appeal, No. 23-3109 (D.C. Cir. Mar. 6, 2024). On March 11, the D.C. Circuit issued its order and mandate dismissing the appeal, returning jurisdiction to this Court. *See* Order, No. 23-3109 (D.C. Cir. Mar. 11, 2024); Mandate, No. 23-3109 (D.C. Cir. Mar. 11, 2024).

## Argument

**I.    Mr. Vogel's sentence of probation is not lawful.**

Mr. Vogel's split sentence of incarceration and probation for a single petty offense is unlawful under the D.C. Circuit's recent opinion in *United States v. Little*. James Little pleaded guilty to a petty offense arising out of the events on January 6, 2021: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). *See Little*, 78 F.4th at 454. "That crime carries a sentence of six months in prison, a fine, or both," but, "[a]s an alternative sentence, a court may give a defendant up to five years of probation, with or without a fine." *Id.* (citing 40 U.S.C. § 5109(b); 18 U.S.C. §§ 3551(b), 3561). The district court had sentenced Mr.

Little to both of those options, imposing a sixty-day term of incarceration followed by three years of probation. *Id*.

"The only question on appeal [wa]s whether that sentence [wa]s authorized by statute." *Id*. After reviewing the relevant statutory text and structure, the Court concluded that "a court cannot impose both imprisonment and probation for a single petty offense." *Id*. at 458. As the Court explained, allowing "a sentencing court [to] impose probation plus imprisonment for a single petty offense [would] conflict[] with the statutory scheme. Congress made probation and imprisonment separate offenses; barred supervised release for petty offenders; and linked the length of post-confinement monitoring to the severity of an offense." *Id*. at 461. Accordingly, the Court vacated Mr. Little's sentence and remanded to the district court for resentencing. *Id.*

Applied here, Mr. Vogel pleaded guilty to and was sentenced for the same single petty offense as Mr. Little: one count of 40 U.S.C. § 5104(e)(2)(G). Dkt. 67 at 1. And like Mr. Little, Mr. Vogel was sentenced to both a period of incarceration and a period of probation. *Id*. at 2-3. The D.C. Circuit's decision in *Little* makes clear that such a sentence is not lawful. 78 F.4th at 454.

## II. Mr. Vogel's period of probation should be terminated.

Given that Mr. Vogel's sentence is illegal, the next question is what the Court can and should do to correct it. Helpfully, this Court has already identified the appropriate solution: "eliminate the period of probation." Dkt. 69 at 2.

Motions for early termination of probation are governed by 18 U.S.C. § 3564(c). Section 3564(c) allows courts to terminate probation at any time for a misdemeanor or infraction upon consideration of: (1) the applicable 18 U.S.C. § 3553(a) factors, (2) "the conduct of the defendant," and (3) "the interest of justice." *Id.* As an initial matter, Mr. Vogel is eligible for immediate termination of probation because he was convicted of a misdemeanor only. *See id.* (A court may "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction.").

### A. Interest of justice

Most importantly, the interest of justice weighs heavily in favor of terminating Mr. Vogel's probation immediately. Having fully served the imprisonment portion of his sentence, he has satisfied one of the two alternative sentences this Court could lawfully impose. Accordingly, this Court assured Mr. Vogel that it would eliminate his period of probation if the D.C. Circuit held that split sentences are illegal. Dkt. 69 at 2. Accordingly, the interest of justice requires terminating the second, unlawful portion of his sentence.

Judge Moss agreed with this proposition in *United States v. Entrekin*, No. 21-cr-686 (RDM). Like Mr. Little and Mr. Vogel, Mr. Entrekin had pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Dkt. 44 at 1, *United States v. Entrekin*, No. 21-cr-686 (RDM). The Court originally sentenced Mr. Entrekin to forty-five days of incarceration plus thirty-six months of probation. *Id.* Like Mr. Vogel does here, Mr. Entrekin asked the Court to terminate probation under § 3564(c) because, among other reasons, the D.C. Circuit's decision in *Little* rendered his original sentence unlawful, and he had already served the period of incarceration. *Id.* at 1-2. The Court granted Mr. Entrekin's motion for early termination of probation. *Id.* at 3; *see also* Dkt. 50 at 3, *United States v. Entrekin*, No. 21-cr-686 (RDM) (noting that "the D.C. Circuit's decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023), 'counsel[ed] in favor of terminating his probation under the § 3553(a) factors.'").

Judge Nichols likewise granted a motion for early termination under 18 U.S.C. § 3564(c) in light of *Little*. *See United States v. Ianni*, 21-cr-451 (CJN). Like Mr. Vogel, Ms. Ianni was sentenced to a period of incarceration and a period of probation after pleading guilty to a single petty offense from January 6. Dkt. 77 at 1-2, *United States v. Ianni*, 21-cr-451 (CJN). Judge Nichols granted Ms. Ianni's motion over the government's objection, terminating her period of probation in a minute order. *See* Min. Order (Dec. 14, 2023), *United States v. Ianni*, 21-cr-451 (CJN).

B.     The § 3553(a) factors and Mr. Vogel's conduct

In addition to the interest of justice, consideration of the applicable § 3553(a) factors also counsels in favor of terminating Mr. Vogel's term of probation. First, no other individual sentenced for a single petty offense after *Little* will serve a sentence of both imprisonment and probation. Maintaining Mr. Vogel's current sentence of probation will thus perpetuate an unwarranted sentencing disparity between Mr. Vogel and others convicted of a single petty offense in contravention of 18 U.S.C. § 3553(a)(6) (requirement to avoid unwarranted sentencing disparities).

The remaining § 3553(a) factors also support immediate termination. As to the nature and circumstances of the offense, there is no question that January 6 was a horrific day in our nation's history. Still, the Court must evaluate each individual defendant's actions and level of culpability, and Mr. Vogel's actions fall on the low end of that spectrum. As this Court acknowledged at sentencing, Mr. Vogel did not engage in any assaultive behavior or destroy any property; pleaded guilty and accepted responsibility for his actions; and had no criminal record and was compliant with his release conditions. Sent'g Tr. at 62:23-24; *id.* at 63:11-25. As for his personal characteristics, Mr. Vogel is a hard-working young man with the support of his family. Dkt. 60 at 9; Sentencing Tr. at 52:1-53:13.

Furthermore, Mr. Vogel's period of incarceration already reflects the seriousness of the offense and promotes respect for the law. Indeed, a term of imprisonment is a harsher punishment than many of the sentences handed down in

the petty misdemeanor cases arising out of January 6.[1] Finally, the public is not in need of protection from Mr. Vogel: he was on pretrial release for over two years with full compliance, Dkt. 60 at 1, 15, and, having served his period of incarceration, is undertaking the process of moving past this event in his life.

## Conclusion

For these reasons, Mr. Vogel respectfully requests that this Court grant his motion for early termination of probation.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Molly Runkle
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington D.C. 20004
202-208-7500
molly_runkle@fd.org

---

[1] "Of 467 riot defendants who pleaded guilty to a misdemeanor, more than half avoided jail time." Michael Kunzelman, *To Plead or Not to Plead? That Is the Question for Hundreds of Capitol Riot Defendants* (Jan. 6, 2024), https://apnews.com/article/capitol-riot-anniversary-sentencing-data-c0a60a2ba68a70645bd5f9e5bcc45324.